HEARD NOVEMBER TERM, 1878.

CASE No. 693.

J. MIMS SULLIVAN v. MARY W. WARE.

Where lands were sold for delinquent taxes, in June, 1872, under the provisions of the fourth section of the act of March 12th, 1872, (15 *Stat.* 163,) an auditor's deed to the purchaser, made under the provisions of the third section of the same act, is null and void, and conveys no title.

Before COOKE, J., at Greenville, September Term, 1875.

This was an action by J. Mims Sullivan against Mary W. Ware for partition of a tract of land, the greater part whereof was purchased by the plaintiff as the property of the defendant, at a sale made by the county treasurer on June 5th, 1872, for taxes due for the year 1871. The auditor's deed to him bears date June 7th, 1872, and is as follows:

"Whereas, the county auditor of each and every county in the State of South Carolina, is authorized and required, by an act of the general assembly of the state, entitled 'An act to amend an act, entitled ".An act providing for the assessment and taxation of property," passed September 15th, 1868, and all acts amendatory thereto,' approved March 12th, 1872, to execute a 'warranty deed' to the purchaser or purchasers of all property forfeited to the state, under the provisions of the said act providing for the assessment and taxation of property, and said other acts amendatory thereto, and sold by the county treasurer under the provisions of said acts:

"Now, therefore, this indenture witnesseth that I, James M. Runion, county auditor of the county of Greenville, in the state aforesaid, of the first part, in consideration of the sum of two hundred and seventy-nine and eighty-two and one-half one-hundredths dollars, good and lawful money of the United States, to me in hand paid by the said J. Mims Sullivan, of the second part, for and in behalf of the State of South Carolina, have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release unto the said J. Mims Sullivan

all that certain lot, tract or parcel of land, bounded and described as follows, (except ten acres,) to wit:

" Twenty-five hundred acres, situate in the county and state aforesaid, in Oak Lawn township, namely, two hundred acres of arable or plow lands, and twenty-three hundred acres of wood, uncultivated and marsh lands, being that body of land which was sold by the county treasurer of Greenville county, on the fifth day of June, A. D. 1872, as the property of Mrs. Ware, wife of T. Edwin Ware, of said county, for taxes, penalties, costs and charges accrued thereon, and purchased at said sale by J. Mims Sullivan, except ten acres as above stated, which will be allotted and surveyed from this body of land for the use and benefit of the said Mrs. Ware, wife of T. Edwin Ware.

" Together with all and singular the rights, members, heredi- taments and appurtenances to the said premises belonging, or in any wise incident or appurtenant. To have and to hold all and singular the premises before mentioned (except the ten acres be- fore mentioned) unto the said J. Mims Sullivan, his heirs and assigns forever. And I, James M. Runion, county auditor as aforesaid, do hereby bind the State of South Carolina to warrant and forever defend all and singular the said premises (the ten acres excepted) unto the said J. Mims Sullivan, his heirs and assigns, against the said State of South Carolina, and against every person and all persons whomsoever, lawfully claiming or to claim the same or any part thereof."

On September, 2d, 1872, the defendant tendered to the county treasurer the amount of the taxes and costs paid by the purchaser, together with fifty per cent. additional, and demanded that she be allowed to redeem said property under the laws of this state.

The jury found for the defendant, and plaintiff appealed.

*Mr. W. E. Earle,* for appellant.

*Messrs. Cothran & Wells,* contra.

March 18th, 1879. The opinion of the court was delivered by McIVER, A. J. According to the view which we take of this

case, it will not be necessary to consider the several requests to charge submitted by the plaintiff at the trial; for we do not think they were pertinent to the case as made, and therefore a refusal to charge them does not constitute such error of law as would warrant the setting aside of the judgment below, even though, abstractly considered, they may not have been free from all legal exception, about which, however, we are not to be understood as expressing any opinion. We confess it somewhat difficult to understand precisely what was meant by the charge to which exception was duly taken. Giving to it, however, the construction claimed for it by the appellant, as the one most favorable to the success of his appeal, that it was practically a charge that the jury should find for the defendant, we think it was not subject to any legal exception. The case of the plaintiff rested upon the validity of the deed from the county auditor as sufficient to vest in him title for the proportion of the land claimed, and we think it was wholly insufficient for that purpose, and therefore an explicit direction to the jury to find a verdict for the defendant would have been fully warranted, as the question of the sufficiency of the deed was a question of law only, under the uncontradicted facts appearing in the case. It was not and could not be pretended that the land was sold as "forfeited" land, the only taxes due thereon being the taxes for 1871. It must, therefore, as the plaintiff himself alleges in his complaint, have been sold for delinquent taxes, and there is no allegation or proof that the land had ever been declared forfeited, as indeed it could not very well have been, if the only taxes in arrear thereon were those for the year 1871, as seems from the auditor's certificate to have been the case, the sale having been made in 1872. Hence, the sale must have been by virtue of the provisions of the fourth section of the act of March 12th, 1872, (15 *Stat.* 163,) and not by virtue of the provisions of the third section of that act. If so, then it follows that the deed from the county auditor, upon which alone the plaintiff based his claim, was wholly ineffectual to convey any title to him. For while the auditor is authorized to "execute a warranty deed to the purchaser" for any lands sold under the provisions of the third section of the act, there is no such authority conferred upon

him in the case of sales made under the provisions of the fourth section of that act, and his deed, therefore, has no more force and effect than if it had been signed by the sheriff, the coroner or any other county officer.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

WILLARD, C. J., and HASKELL, A. J., concurred.